UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-40147-GAO

CRAIG SWEAT,
Petitioner,

v.

JEFFREY GRONDOLSKY,
Respondent.

ORDER
October 15, 2012

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a report and recommendation (dkt. no. 14) with respect to the respondent's Motion (dkt. no. 8) for Summary Judgment. Neither party has objected to the report. After carefully reviewing the pleadings, the parties' motion papers, and the report and recommendation itself, I adopt the report and recommendation of the magistrate.

Accordingly, I ADOPT the recommendation (dkt. no. 14). Respondent's Motion (dkt. no. 8) for Summary Judgment is GRANTED.

It is SO ORDERED

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG SWEAT, )<br>)<br>Petitioner, )<br>v. )<br>)<br>JEFFREY GRONDOLSKY, )<br>Warden, FMC Devens, )<br>)<br>Respondent. ) | CIVIL ACTION<br>NO. 11-40147-GAO |

# REPORT AND RECOMMENDATION ON
# RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

September 14, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The Petitioner, Craig Sweat, is incarcerated at the Federal Medical Center, Devens, Massachusetts ("FMC Devens"). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(2) alleging that the Federal Bureau of Prisons ("BOP") has failed to give him credit for time he served in state custody. The matter is presently before the court on the Respondent's Motion for Summary Judgment (Docket No. 8). Pursuant to this motion, the Respondent seeks the entry of judgment in his favor on the grounds that the BOP properly calculated Sweat's sentence in accordance with the sentencing judge's stated instructions that the federal sentence was to be consecutive to Sweat's state sentence. Moreover, the Respondent asserts, any challenge to the propriety

of the consecutive sentences must be brought in the Northern District of New York before the sentencing judge.

For the reasons detailed herein, this court agrees that the BOP's calculation of the sentence was correct, and that this court lacks jurisdiction to entertain any challenge to the propriety of making the federal sentence consecutive to the state sentence. Therefore, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion for Summary Judgment (Docket No. 8) be ALLOWED.

## II. STATEMENT OF FACTS[1]

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. See Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008). Accordingly, the following facts are viewed in favor of the Petitioner.

On October 7, 1994, Sweat was arrested in Broome County, New York, for Attempted Criminal Possession of a Controlled Substance, 3rd Degree. (Roush Decl. ¶ 5). On May 15, 1995, Sweat was sentenced to a term of 3 to 6 years confinement for the state crime. (Id. ¶ 6). He had an earliest release date of March 21, 1998, a conditional release date of March 21, 1999, and a maximum expiration date of March 21, 2001. (Id. ¶ 5).

---

[1] The facts are undisputed and are derived primarily from the Declaration of Andrew Roush, a BOP Management Analyst (Docket No. 9-1) ("Roush Decl."), and the exhibits thereto ("Roush Ex. __").

From June 29, 1995 through April 11, 1997, while he was serving his state sentence, Sweat was "borrowed" by the federal government on various occasions pursuant to a federal habeas writ to answer to federal charges of continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and conspiracy to distribute cocaine, heroin and marijuana in violation of 21 U.S.C. § 846. (Roush Decl. ¶ 7, Exs. A & B). The wrongful conduct allegedly concluded on January 11, 1996. (Roush Ex. B). Sweat was found guilty after trial. (Id.).

Sweat was sentenced on March 20, 1997 by the Honorable Thomas J. McAvoy of the United States District Court for the Northern District of New York to a term of 262 months incarceration. (Roush Decl. ¶ 8 & Ex. B). The Pre-Sentence Investigation Report ("PSR") reported that the conduct involved in the federal case was not related to the state offense for which he was incarcerated. (Roush Decl. ¶ 5). At sentencing, Sweat's counsel argued for the federal sentence to be concurrent with the state sentence. (Roush Ex. C at 11). Counsel argued that a concurrent sentence was within the court's discretion under Sentencing Guideline 5G1.3 and under 18 U.S.C. § 3553(a). (Id.). In light of the fact that the court had significantly reduced his sentence under the applicable guidelines, however, Judge McAvoy expressly denied the defendant's request for a federal sentence concurrent with the state sentence. (Id. at 29-30).

Sweat was returned to state custody, and was paroled from his state sentence on March 23, 1998, at which time he began serving his federal sentence. (Roush Decl. ¶ 9). Following his appeal of his federal conviction, on October 14, 2003, an Amended

Judgment and Commitment Order was issued vacating the conspiracy conviction as a lesser included offense, adding forfeiture allegations, and confirming Sweat's sentence of 262 months. (Id. ¶ 10). See United States v. Joyner, 201 F.3d 61, 67 (2d Cir. 2000), clarified on denial of rehearing, 313 F.3d 40 (2d Cir. 2002).

According to BOP Program Statement 5880.28 and 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." (Roush Decl. ¶ 11 & Ex. F). A defendant may receive credit for time spent in detention prior to the date a sentence commences under certain circumstances, but only if that time served "has not been credited against another sentence." (BOP Program Statement 5880.28 (Roush Ex. G); 18 U.S.C. § 3585(b)). Since the time Sweat served in custody prior to the commencement of his federal sentence was credited toward his state sentence, this provision has no application to the instant case.

Finally, as detailed more fully below, a state institution can be "designated for concurrent service of a federal sentence" so that the time served in state custody applies to both the state and federal sentence "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." (See BOP Program Statement 5160.05 (Roush Ex. H)). Sweat requested a retroactive nunc pro tunc designation so that he could receive credit for the years he served in state custody. (Roush Decl.

¶ 15). His request was considered by the BOP and denied on October 19, 2011. (Id. & Ex. I).

Additional facts will be provided below where appropriate.

### III. ANALYSIS

#### A. Summary Judgment Standard of Review

Summary judgment is appropriate when the moving party shows, based on the discovery and disclosure materials on file, and any affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Vineberg, 548 F.3d at 56 (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). "A fact is material only if it possesses the capacity to sway the outcome of the litigation under the applicable law." Id. (quotations, punctuation and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018, 114 S. Ct. 1398, 128 L. Ed. 2d 72 (1994). "[T]he nonmoving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing that there is a genuine issue for trial. Id. (quoting Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See Vineberg, 548 F.3d at 56. "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

### B. The Commencement of Sweat's Sentence

"There are two separate determinations to be made in computing a federal sentence. The BOP must decide (1) when the sentence commences and (2) to what extent the defendant in question may receive credit for any time already spent in custody." Jiminez v. Warden, Fort Devens, 147 F. Supp. 2d 24, 27 (D. Mass. 2001). Pursuant to 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody . . . to commence service [of sentence] at, the official detention facility at which the sentence is to be served." Thus, "[a] federal sentence is deemed to have commenced on the date a defendant is received into federal custody[.]" Ysabel v. Sabol, 645 F. Supp. 2d 37, 39 (D. Mass. 2009). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau agrees to designate the state facility for the service of the federal sentence." United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. 1993), and cases cited. See also Ysabel, 645 F. Supp. 2d at 39 (time served in state custody "may be

credited *nunc pro tunc* (i.e., may be deemed to have run concurrently against [the defendant's] federal sentence) if the BOP chooses to designate the state institution for service of that federal sentence."). "Judicial review of the BOP's decision to grant a *nunc pro tunc* designation of a state facility for service of a federal sentence is limited to abuse of discretion." Id. A petition under 28 U.S.C. § 2241 is the proper mode of challenging the BOP's decision refusing to so designate a state facility. Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999), and cases cited.

The BOP calculated Sweat's service of his federal sentence as commencing on his parole from New York state custody on March 23, 1998. It is unclear from his petition whether Sweat is claiming he should have been given credit for time he served in federal custody pending his trial when he was "borrowed" from the state pursuant to a federal writ of habeas corpus ad prosequendum. (See Opp. (Docket No. 11) at 7-8). Such an argument, in any event, is without merit. It is well established that "[p]roducing a state prisoner under a writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody." Jiminez, 147 F. Supp. 2d at 28, and cases cited. See also United States v. Casas, 425 F.3d 23, 67 (1st Cir. 2005) ("generally, a state that sends a prisoner in state custody to federal authorities pursuant to a writ of habeas corpus ad prosequendum retains jurisdiction over the prisoner because the prisoner is merely 'on loan' to the federal authorities."). Therefore, the BOP correctly calculated the commencement date of the federal sentence.

C.  **Credit for Time in State Custody**

Sweat argues that "because the federal government had started his investigation in 1994 before his state arrest commenced, his sentence should have been considered for a USSG § 5G1.3 sentence" and "the district court should have considered the state sentence for a partial concurrent sentence and/or concurrent sentence." (Pet. (Docket No. 1) at 3). This argument must fail because the sentencing judge did consider, but expressly rejected, defense counsel's argument that the court should make the federal sentence concurrent with the state sentence in an exercise of its discretion under USSG § 5G1.3. Instead, the court found that it had already exercised "a great deal of latitude and discretion" by reducing Sweat's sentence from life to 262 months. (Roush Ex. C at 11, 29-30).

Under some circumstances the BOP has discretion in determining whether a federal sentence should be consecutive or concurrent with a state sentence. See Taylor v. Sawyer, 284 F.3d 1143, 1148-49 (9th Cir. 2002) (describing the "several paths that can lead to the designation of a state facility for concurrent service of a federal sentence."). (See also BOP Policy Statement 5160.05 at ¶ 1 (Roush Ex. H) ("Purpose and Scope. To provide instructions for the designation of a state institution for concurrent service of a federal sentence.")). Where, as here, the federal court has made an express designation that the federal sentence should run consecutively to the state sentence, the BOP is bound by that directive. See Harris v. BOP, 787 F. Supp. 2d 350, 357 (W.D. Penn. 2011) (if the defendant was in state custody at the time the federal sentence was imposed, "the BOP

must determine whether the federal sentencing court expressly indicated an intent as to whether the federal sentence should run concurrently or consecutively with the non-federal sentence.") The BOP can only designate concurrent service of a sentence "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." (BOP Program Statement 5160.05 at ¶ 8 (Roush Ex. H)). The BOP cannot disregard the sentencing court's directive. Therefore, the BOP had no choice but to have Sweat's sentences run consecutively.

### D. Challenge to the Merits of the Consecutive Sentence

Finally, Sweat contends that the sentencing judge incorrectly construed the facts of his case, and therefore misapplied the provisions of USSG 5G1.3. Such a claim, however, must be brought pursuant to 28 U.S.C. § 2255 before the sentencing court. See 28 U.S.C. § 2255 (A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). It appears that such a petition would be untimely as it is well beyond the expiration of the one year statute of limitations. See 28 U.S.C. § 2255(f). In any event, this court lacks jurisdiction to hear a substantive challenge to the petitioner's sentence.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion for Summary Judgment (Docket No. 8) be ALLOWED.[2]

                                                                   / s / Judith Gail Dein
                                                                   Judith Gail Dein
                                                                   United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).